IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
LOGGED ___ RECEIVED

FEB 2 8 2023

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

DEON ARNELL TURNER 170257
KNOWN AND UNKNOWN DETAINEES/INMATES

v

TERRY KOKOLIS DIRECTOR OF TALBOT COUNTY
DEPARTMENT OF CORRECTIONS AND DETENTION
CENTER, KNOWN AND UNKNOWN CORRECTIONAL
OFFICERS, FOOD SERVICE PROVIDER, COMMISSARY
SERVICE PROVIDER, HEALTHCARE SERVICE PROVIDER,
TELEPHONE SERVICE PROVIDER, individually and in
their official capacities

COMPLAINT
Civil Action No:

### JURISDICTION AND VENUE

This is a civil action authorized to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction from the contractual obligation between the United States Marshal Service and Talbot County Department of Corrections has to detain federal pre-trial detainees under its custodial supervision.

The District of Maryland is an appropriate venue because it is where the events giving rise to this claim occured.

### Plaintiffs

Plaintiff Deon Arnell Turner was and is at all times mentioned herein a detainee of State of Maryland in the custody of Talbot County Department of Corrections and is currently confined in the Talbot County Detention Center in Easton Maryland

Plaintiff(s) Known and Unknown detainees/Inmates state or federal was and is at all

times mentioned herein as detainees/inmates of State of Maryland or the United States in the custody of the Talbot County Department of Corrections and is currently confined or was confined at/in Talbot County Detention Center in Easton Maryland

## DEFENDANTS

Defendant Terry Koholis is the Director of the Talbot County Detention Center and is Director of Talbot County Department of Corrections. He is legally responsible for the operation of Talbot County Detention Center and for the welfare of all the detainee inmates. Known and Unknown Correctional Officers of Talbot County Detention Center who, at all times mentioned herein this complaint, held the rank of Correctional Officer or Deputy Director and was assigned to Talbot County Detention Center.

Defendant Food Service Provider is under contract and is responsible for food.

Defendant Commissary Service Provider is under contract and is responsible for commissary.

Defendant Healthcare Service Provider is under contract and is responsible for Healthcare

Defendant Telephone Service Provider is under contract and is responsible for telephone.

Each defendant is sued individually and in their official capacity. At all times mention herein this complaint each defendant acted under color of state law.

## FACTS

1. In between the months of June and July my aunt mailed to me some papers that was sent back by the Deputy Director for feeling like books. This action contradict the policy in the detainees/inmates handbook which has not been change or updated yet.

2. In between the months of June and July I purchase through Talbot County Detention Center, United States Postal Service certify mail process, out of eight purchases I received back only four return receipts. The four I received back, one was properly filled out, other three was address to Talbot County Department of Corrections which is wrong.

3. On December 22, 2022 on the 8am-4pm shift Officer In Charge had a non-certified personnel acting in the capacity as a Correctional Officer assign to the housing post from lack of training detainees/inmates assign to F-housing tier non-disciplinary cells did not receive rec. on the 8am-4pm shift

4. In the month of October I was subjected to a disciplinary hearing process at the Talbot County Detention Center the process was not recorded nor have I receive the disposition paperwork. The whole process did not adhere to the policies or procedures describe in the detainee/inmate handbook. Alot of detainees/inmates have been treated the same way

5. Inside the Talbot County Detention Center both detainees/inmates and personnel are expose to black mold throughout the ventilation system and septic back-daft which has affected the quality of breathable air inside the Detention Center.

6. Since the month of July to the present the food service provider has failed to meet its contractual obligation by providing a proper diet to the detainees/inmates. It has failed to provide proper portions, edible food, fresh fruit or dairy products. It has a agreement to provide special orders of food at a excessive mark-up compared to the market price

7. The commissary service provider has not properly label items on the kiosk concerning bioengineered food. Nor does the kiosk explain the return policy for online or kiosk purchase order. The kiosk does not fully translate items to other languages nor does it allow those with disabilities to use it without assistance and prices are excessive.

8. The healthcare service provider does not provide alternatives treatments to any healthcare issues, upon request with proven medical literature. It has taken its time to address serious healthcare issues of pain.

9. Since the month of May 2022 to present being held under custody having used the telephone service provider phone I have been charged excessives fees for out of state calls and in state calls and there is no refund upon release for phone cards purchase through Talbot County Detention Center.

10. Since being under custody I have written a request for my religious diet and was refused base on that correctional officer lack of knowledge.

11. The Talbot County Detention Center has charged detainees/inmates fees for legal matters which are excessive, the law library does not have reference material and there is not a clear procedure for detainees/inmates to have phone numbers designate as private so that one could discuss legal matters.

12. Correctional officer(s) has charged detainees/inmates for indigent packs.

13. The grievance/complaint procedure has a correctional officer who question you to determine if you can receive one or sometimes refuse to give one, correctional officers refuse to sign when you hand one in and correctional officer who respond fail to address substance of grievance/complaint.

14. Talbot County Detention Center has thick plastic between the outside window which obstruct cell view to the outside and limit sunlight.

## EXHAUSTION OF LEGAL REMEDIES

Plaintiff Deon Arnell Turner used grievance procedure available at Talbot County Detention Center to try and solve these problems. On numerous occasion plaintiff Deon Arnell Turner presented the facts relating to this complaint. Plaintiff Deon Arnell Turner was sent at least two responses to grievances they failed to address substance to grievances. The Director responded one time to grievance.

## LEGAL CLAIMS

Plaintiff(s) reallege and incorporate by reference paragraph 1-14
Plaintiff Deon Arnell Turner has exercise his right to seek redress through use of Talbot County Detention Center grievance procedure. Defendant Deputy Director action has continue in direct violation of Plaintiff(s) rights under the fourth and first amendments to the United States Constitution and caused Plaintiff(s) emotional distress. Also violate Plaintiff(s) rights written in handbook.

Facts stated herein is proof Defendant Terry Kokolis deliberate indifference to stop misconduct by correctional officers after notice through grievance process shows it is his unofficial policy, a direct violation of Plaintiff(s) rights under the Eighth Amendment to the United States Constitution and cause Plaintiff(s) pain, suffering and intentional infliction of emotional distress.

Facts stated herein as evidence Defendant Terry Kokolis policy and procedure does not adhere to Department of Public Safety and Correctional Services: Commission On Correctional Standards Minimum Standards For Adult Correctional Institutions.

Failure by Defendant Terry Kokolis to address Plaintiff(s) harm brought on from the contratur obligation concerning food, commissary, healthcare and telephone violates Special Relations doctrine.

Plaintiff(s) has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff(s) has been and will continue to be irreparably harmed by the conduct of the defendants unless this court grants the declaratory and relief which plaintiff(s) seeks.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) respectfully pray that this court enter judgment:

Granting plaintiff(s) a declaration that the acts and omissions described herein violates plaintiff(s) rights under the Constitution and laws of the United States, and

Granting Plaintiff Deon Arnell Turner compensatory damages in the amount of $100,000. against each defendant, jointly and severally

Granting plaintiff(s) compensatory damages in the amount of $500,000.00 against each defendant jointly and severally

Plaintiff(s) seek punitive damages in the amount of $500,000.00

Plaintiff(s) also seek a jury trial on all issues triable by jury

Plaintiff(s) also seek recovery of their costs in this suit and

Any additional relief this court deems just, proper, and equitable.

Date: January 4, 2023

Respectfully submitted,

by: Deon-Arnell: Turner, In Esse Sui Juris, Authorized Representative for DEON ARNELL TURNER© and all derivatives thereof All Rights Reserved Without Prejudice Uniform Commercial Code 1-308
in care of: 115 West Dover Street
Easton, Maryland [21601]

## VERIFICATION

I have read the foregoing complaint and hereby verify the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct. Executed at Easton, Maryland January 4, 2023

by: Deon-Arnell: Turner, In Esse Sui Juris Authorized Representative for DEON ARNELL TURNER and all derivative thereof All Rights Reserved Without Prejudice Uniform Commercial Code 1-308